# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| BRUCE SANDERS | CIVIL ACTION NO. 07-1207 |
| | [CONSOLIDATED with 07-1269] |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DIFFENBACHER GMBH & CO. KG, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment (Record Document 89) filed by one of the defendants, Daube Corporation ("Daube").[1] Daube moved for summary judgment, arguing that the testimony and exhibits establish that it was not negligent and it has no liability to the plaintiff. See id. The plaintiff, Bruce Sanders ("Sanders"), opposed the motion and later filed a supplemental response in opposition. See Record Documents 93 & 99. Sanders noted in his opposition that "this product liability case as to Daube . . . is controlled by the Louisiana Products Liability Act ("LPLA")." Record Document 93-3 at 2. For the reasons which follow, the Motion for Summary Judgment is **DENIED**.

In the First Amended Petition for Wrongful Death and Survival Action, Sanders alleged that Daube "designed, developed, assembled, manufactured, inspected, distributed, advertised, promoted, installed and trained operators for the palm operator controls and pedestal thereunder as was installed on the Dieffenbacher Press" at issue in this case. Record Document 2 at ¶ 5.01. Sander further alleged that the Daube operator controls and pedestal "presented an unreasonable risk of harm" and were "unreasonably dangerous" due to negligent design, testing, manufacturing, assembling, installing, and training. Id. at ¶ 5.02. Finally, Sanders alleged that Daube

---

[1]While entitled a Motion for Summary Judgment, the motion is actually a motion for partial summary judgment.

> designed, developed, constructed, manufactured, assembled, distributed, advertised, promoted, installed or failed to install, inspected or failed to inspect, and/or sold the controls and pedestal which were actuated for the press [at issue in this case] in a dangerous and defective condition.

Id. at ¶ 5.02(B).  As stated by Sanders in his opposition, it is clear to the Court that this is a LPLA case.

The LPLA "establishes the **exclusive theories of liability for manufacturers** for damages caused by their products."  La. R.S. 9:2800.52; Aucoin v. Southern Quality Homes, LLC, 2007-1014 (La. 2/26/08), 984 So.2d 685, 691.  As noted above, Sanders alleged that Daube is a manufacturer and filed suit under the LPLA, specifically Section 2800.56 (unreasonably dangerous in design).

Daube has moved for summary judgment on the grounds that Sanders can not establish the five elements of a negligence cause of action: cause in fact; duty; breach; actual damage; and foreseeability.  See Record Document 89-2 at 9-10.  While Daube does make the conclusory statement that it "neither manufactured the pedestal nor the buttons," it failed to properly analyze Sander's claims under the LPLA.  Daube has moved for summary judgment under negligence, not the LPLA – the exclusive theory of liability against Daube in this case.

Accordingly,

**IT IS ORDERED** that the Motion to for Summary Judgment (Record Document 89) filed by defendant, Daube Corporation, be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of August, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE